# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK EQUALLA THURMOND,**

    Plaintiff,

    v.                                          Case No. 18-CV-1047

**POTAWATOMI HOTEL AND CASINO,**
**et al.,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On July 10, 2018, Derrick Equalla Thurmond filed a complaint against his employer, Potawatomi Hotel and Casino, as well as various employees of Potawatomi. (Docket # 1.) Thurmond alleges that he was discriminated against based on his race. Thurmond has also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find Thurmond is indigent for purposes of the federal *in forma pauperis* statute and that his complaint is not frivolous or malicious and that it states a claim, his motion will be granted.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his motion to proceed without prepayment of the filing fee, Thurmond states that he is unmarried and supports one dependent child. (Docket # 2 at 1.) Thurmond receives $430.00 every two weeks from part-time employment. (*Id.* at 2.) Thurmond owns a vehicle, but otherwise owns no other property and has $2.38 in a bank account. (*Id.* at 3-4.) Thurmond indicates that his monthly expenses total $1,540.00. (*Id.* at 2-3.) Based on the information provided in Thurmond's motion, I am satisfied that he is indigent for the purposes of the *in forma pauperis* statute.

I next turn to the question of whether Thurmond's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In his complaint, Thurmond alleges that his manager constantly attacks him, making racially charged comments such as he "sounds ghetto and incompetent." (Docket # 1 at 2.) Thurmond alleges his manager told him that he needed to "practice to sound like a Caucasian speaking standard English." (*Id.*) Thurmond further alleges that

he applied for three new job openings in security; however, the positions were give to Caucasian officers. (*Id.* at 3.) Thurmond alleges that he has never missed a day of work, has no occurrences, and was named the "Most Value Officer" twice. (*Id.* at 4.) Thurmond alleges he has been falsely accused and reprimanded for misconduct and was ultimately suspended from employment pending termination. (*Id.* at 5.) Thurmond included a Right to Sue letter dated May 23, 2018 from the United States Equal Employment Opportunity Commission ("EEOC"). (Docket # 1-1.)

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, prohibits discrimination based upon race, color, religion, sex, or national origin with respect to hiring, compensation, or the terms, conditions, and privileges of employment. Thurmond alleges that he is African American and was harassed, retaliated against, overlooked for employment positions, and suspended from employment because of his race. He was given a Right to Sue letter from the EEOC. Thus, I find that Thurmond's complaint states a claim under Title VII. Because I find that Thurmond's complaint is not frivolous or malicious and that it states a claim, Thurmond's motion for leave to proceed without prepayment of the filing fee is granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the

Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin this 16th day of July, 2018.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge